IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

| | |
|---|---|
| **RODERICK BROWN,**<br><br>　　　　　**Plaintiff**,<br><br>v.<br><br>**STATE OF WEST VIRGINIA,**<br>**PATRICK MORRISSEY, ATTORNEY**<br>**GENERAL,**<br>　　　　　**Defendants**. | **CIVIL ACTION NO: 1:19-CV-118**<br>**(JUDGE KLEEH)** |

## REPORT AND RECOMMENDATION RECOMMENDING DEFENDANTS' MOTION TO DISMISS BE GRANTED

This matter comes before the undersigned pursuant to a referral order signed by Honorable United States District Judge Thomas S. Kleeh on June 6, 2019. (ECF No. 5). Pending before the Court is Defendants' Motion to Dismiss filed on September 5, 2019 (ECF No. 21), and Plaintiff's Motion for Status Update, and Motion for Summary Judgment (ECF No. 27) filed on October 21, 2019. Plaintiff filed a Response (ECF No. 24) to Defendants' Motion to Dismiss on September 13, 2019. Defendants filed a Response to Plaintiff's Motion for Summary Judgment (ECF No. 32) on November 22, 2019.

This matter is now ripe for a Report and Recommendation to the Honorable United States District Judge Thomas S. Kleeh. Accordingly, for the reasons stated herein, the undersigned **RECOMMENDS** that Defendants' Motion to Dismiss (ECF No. 21) be **GRANTED**, Plaintiff's claims against the State of West Virginia and Attorney General Patrick Morrissey be **DISMISSED**, and Plaintiff's Motion for Status Update and Motion for Summary Judgment (ECF No. 27) be **DENIED AS MOOT**.

## I.     BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, *pro se*, filed a Complaint against the State of West Virginia and Patrick Morrisey, West Virginia Attorney General, on May 31, 2019, alleging violations of Plaintiff's constitutional rights. (ECF No. 1). Plaintiff alleges that the West Virginia Medical Professional Liability Act ("MPLA"), W. Va. Code §§ 55-7B-6 and 7, unconstitutionally bars Plaintiff from litigating a medical malpractice suit.  The MPLA requires a determination by an expert in order to obtain a certificate of merit before the case may proceed. *See* Id. Plaintiff's constitutional challenge lies in the cost of retaining an expert to obtain this certificate of merit, which, he alleges, is unconstitutionally burdensome for individuals of lower income, such as Plaintiff himself. Accordingly, Plaintiff's constitutional challenge is an as-applied challenge.

Plaintiff has filed previous complaints in this District arising out of incidents while Plaintiff was in custody at FCI Morgantown in Morgantown, West Virginia,[1] circumstances from which the present matter ultimately derives. The Complaint in the present case is the first time Plaintiff has presented a constitutional challenge arising out of the circumstances present while Plaintiff was in custody.

Plaintiff moved to disqualify the undersigned from this matter because of a Report and Recommendation made by the undersigned in a related case which was unfavorable to Plaintiff.[2] (ECF No. 9). The motion was denied because the undersigned does not have a

---

[1] *See* Civil Action Nos. 3:16-CV-23 (2016); 2:16-CV-17 (2016); 1:17-CV-137 (2017); 1:17-CV-144 (2017).
[2] The undersigned acted upon a referral order of the Honorable Senior United States District Judge Irene M. Keeley to issue a Report and Recommendation on the disposition of Plaintiff's previous <u>Bivens</u> civil rights action against the United States Department of Justice and others for claims of denial of adequate medical care, systemic racism, racial bias in mental health care, medical malpractice, discrimination and retaliation, and violation of his rights to free speech and to be free from cruel and unusual punishment. *See* 1:17-cv-144. The undersigned issued a Report and Recommendation in that matter recommending that Plaintiff's medical malpractice claims be dismissed because Plaintiff failed to comply with W. Va. Code § 55-7B-6(b) requirements for obtaining a screening certificate of merit. 1:17-cv-144, ECF No. 60. District Judge Irene M. Keeley adopted the undersigned's Report and Recommendation in that case and dismissed Plaintiff's Complaint with prejudice.  1:17-CV-144, ECF No. 67.

personal bias against Plaintiff, and the prior opinion by the undersigned is not a valid basis for recusal. (ECF No. 10). After the denial of this motion, Plaintiff moved to request the assistance of the U.S. Marshal in serving the Complaint to Defendants. (ECF No. 14).

Following service of the summons and Complaint, on September 5, 2019, Defendants moved to dismiss the Complaint, alleging a lack of subject-matter jurisdiction for the following reasons: lack of standing because Plaintiff has not suffered an injury in fact; the claim is not ripe for adjudication; and this matter is not a case or controversy. Further, Defendant alleges that Plaintiff fails to state a claim upon which relief can be granted. (ECF No. 21). Defendants claim immunity under the Eleventh Amendment of the United States Constitution, arguing that Congress has not abrogated State sovereign immunity for claims under 42 U.S.C §1983.[3]

Plaintiff responded to the Motion on September 6, 2019. (ECF No. 24). Plaintiff alleges that this action is based, in part, on wealth discrimination. By statutorily providing that a fee is to be paid to expert witnesses in MPLA cases, Plaintiff argues that this discriminates against persons of lower socioeconomic classes who may not be able to afford to pay an expert witness. Plaintiff asserts that he has suffered an injury because he has been denied access to the courts as a result of his inability to pay this fee to obtain a screening certificate of merit from an expert.

## II.    LEGAL STANDARD

Because federal courts are "courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute," a court must "presume[] that a cause lies outside this

---

[3] It is noted by Defendants in their Memorandum of Law in Support of Defendants' Motion to Dismiss, ECF No. 22, that Plaintiff did not specifically plead his claim under 42 U.S.C. § 1983; however, Defendants assert that 42 U.S.C. § 1983 is the only statute under which Plaintiff might bring suit for this type of claim against these Defendants. The undersigned, construing the pleadings of a *pro se* litigant in a liberal fashion, agrees with this assertion by Defendants, and the undersigned construes Plaintiff's suit to be brought pursuant to 42 U.S.C. §1983.

limited jurisdiction" and "the burden of establishing the contrary rests upon the party asserting jurisdiction." Kokkonen v. Guardian Life Ins. Co., 551 U.S. 375, 377 (1994).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1999)). The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). Additionally, courts must "liberally construe" complaints filed *pro se*. Smith v. Smith, 589 F.3d 736, 739 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where . . . a pro se complaint rais[es] civil rights issues") (citing Haines v. Kerner, 404 U.S. 519, 521 (1972)). When the plaintiff alleges jurisdiction based upon a federal question, the federal question must be present on the face of the plaintiff's well-pleaded complaint. Pinney v. Nokia, Inc., 402 F.3d 430, 442 (4th Cir. 2005).

### III. ANALYSIS

**A. Defendants are entitled to sovereign immunity because Defendant Morrisey, in his role as Attorney General of West Virginia, was not granted the specific duty of enforcing the MPLA; thus, the suit is against the state in violation of the Eleventh Amendment.**

4

The Eleventh Amendment to the United States Constitution provides as follows: "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. This sovereign immunity may be circumvented in limited circumstances, such as abrogation through Congress's powers under the Thirteenth, Fourteenth, and Fifteenth Amendments; such abrogation is executed through legislation that is clearly stated and construed narrowly. *See* Fitzpatrick v. Bitzer, 427 U.S. 445 (1976).

When a plaintiff seeks to enjoin enforcement of a state statute through a suit under 42 U.S.C. § 1983, a plaintiff may bring the claim by naming the proper state official as a defendant in lieu of the state. Ex Parte Young, 209 U.S. 123, 157 (1908). A proper state official is a state official who has the particular duty to enforce the statute in question. Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 331 (4th Cir. 2001). A general duty to enforce laws is not enough to circumvent sovereign immunity; an actual, special charge between the state official and the challenged statute must exist—either explicitly within the challenged statute or implicitly elsewhere in the laws of the state, as long as the language reflects a specific duty to enforce the statute. Wright v. North Carolina, 787 F.3d 256, 262 (4th Cir. 2015); *See* Okpalobi v. Foster, 244 F.3d 405, 419 (5th Cir. 2001).

Here, Congress has not abrogated West Virginia's sovereign immunity for cases under 42 U.S.C. § 1983. As such, in order for Plaintiff to bring suit against the state of West Virginia for an alleged deprivation of civil rights through provisions contained within the MPLA, Plaintiff must also join as a defendant a proper state official who is specifically charged with enforcing the MPLA. In the absence of another defendant who is specifically charged with

enforcing the MPLA, sovereign immunity would apply to West Virginia, as the suit would be against the state and not a state actor, and the state cannot act independently without its actors. *See* Ex Parte Young, 209 U.S. at 157.

Attorney General Morrisey is not a proper state official to be joined in this action, as he was not specifically charged with enforcement of the MPLA. Specific enforcement of a statute can be implicit in laws other than the challenged statute, Wright v. North Carolina, 787 F.3d at 262; however, that is not the case here. W. Va. Code § 55-17-3(a)(1) provides for the preliminary procedures when filing an action against a state agency, which require service of written notice of the claims and requested relief on the Attorney General. This statute, however, does not implicitly impart on the Attorney General the particular duty to enforce the provisions of the MPLA. This statute merely codifies the Attorney General's general duty to accept service of actions against the state on behalf of the state. Finding no other provision within the West Virginia Code which would impart the Attorney General with the authority to specifically enforce the provisions of the MPLA, the undersigned **FINDS** Attorney General Morrisey is not a proper party to this action.

Because Attorney General Morrisey is not a proper party and Plaintiff has not brought an action against any other individual that might conceivably be charged with enforcing the MPLA, the suit is effectively an action against the state itself. This is not permitted under the Eleventh Amendment to the U.S. Constitution. Thus, it is the opinion of the undersigned that Plaintiff has not stated a claim upon which relief can be granted because Plaintiff has asserted claims which are barred by the Eleventh Amendment. Therefore, the undersigned **RECOMMENDS** the Motion to Dismiss (ECF No. 21) for failure to state a claim be **GRANTED** on grounds of sovereign immunity.

### B. Plaintiff does not have standing to bring this action because Plaintiff has not sustained an actual, particularized injury in fact caused by the Defendants.

The Constitution limits the federal judiciary to the adjudication of "cases" and "controversies." U.S. Const. art. III.  Part of this case or controversy requirement necessitates a showing by the plaintiff that plaintiff has standing to sue.  Clapper v. Amnesty Intern. USA, 568 U.S. 398, 408 (2013). Article III of the United States Constitution requires, at a minimum, a showing of the following three elements to establish standing:

> (1) an injury in fact (i.e., a concrete and particularized invasion of a legally protected interest); (2) causation (i.e., a fairly ... trace[able] connection between the alleged injury in fact and the alleged conduct of the defendant); and (3) redressability (i.e., it is likely and not merely speculative that the plaintiff's injury will be remedied by the relief plaintiff seeks in bringing suit).

David v. Alphin, 704 F.3d 327, 333 (4th Cir. 2013) (alteration in original) (internal quotation marks omitted).

### 1. Plaintiff has not suffered an injury in fact sufficient to confer standing.

A plaintiff must show that he "suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" Deal v. Mercer County Board of Education, 911 F.3d 183, 187 (4th Cir. 2018) (quoting Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992)).

Plaintiff asserts that he has suffered an injury in fact. Specifically, Plaintiff claims that, after allegedly experiencing medical malpractice on the part of Ruby Memorial Hospital and Dr. Mohamad Salkini, Plaintiff was subsequently barred from filing a malpractice action against Ruby Memorial Hospital and Dr. Mohamad Salkini because he could not afford to pay an expert to obtain a screening certificate of merit.

Plaintiff's alleged injury arises in the form of an alleged financial burden that would be imposed upon Plaintiff in order to obtain a screening certificate of merit prior to the initiation of claims against a medical professional for medical malpractice. The MPLA does not statutorily provide for the payment of fees to an expert witness who evaluates cases and issues screening certificates of merit. *See generally* W. Va. Code § 55-7B-1 *et seq*. Implicit within the requirement that a screening certificate of merit be obtained from an expert witness is the notion that an expert, because they possess specialized education, knowledge, or experience, may not be inclined to provide his or her services for free. Nothing prohibits a plaintiff from approaching different experts to try to obtain the screening certificate of merit from the expert who charges the lowest price or who would provide services for free.

For the foregoing reasons, the undersigned **FINDS** Plaintiff has not suffered an injury in fact for purposes of standing.

### 2. Plaintiff does not meet the causation and redressability requirements of the standing doctrine.

The undersigned has found that Plaintiff has not suffered an injury in fact. However, if the undersigned would have found that Plaintiff has suffered an injury in fact, Plaintiff would still have to meet the standards of causation and redressability in order to have standing to bring this suit against Defendants.

Causation for purposes of standing requires that the injury be "fairly traceable to the challenged conduct of the defendant." Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016). For the reasons previously discussed regarding Defendants' sovereign immunity, Defendant Morrisey, as Attorney General for the State of West Virginia, does not have the power to specifically enforce the provisions of the MPLA. Without the statutory power to specifically

enforce the provisions of the MPLA, Plaintiff's alleged injury, if any, cannot be fairly traceable to any conduct on the part of the Defendant. For this reason, it is the opinion of the undersigned that Plaintiff cannot show causation for purposes of standing to bring suit.

The redressability requirement for purposes of standing requires a showing that a "favorable judicial decision" would rectify the harm to the plaintiff which was caused by the defendant's actions. Id. Plaintiff is requesting W. Va. Code §§ 55-7B-6 – 7 be rendered unconstitutional because the requirement of obtaining a screening certificate of merit from an expert places a financial burden upon Plaintiff and other individuals of lower income. These statutes do not specifically provide for the payment of fees to the expert; rather, it is implicit that an expert would charge a reasonable fee for his or her services. *See* W. Va. Code §§ 55-7B-6 – 7. Rendering these statutes unconstitutional would not redress Plaintiff's alleged injury, if any, because nothing in the statutory scheme of the MPLA provides for the payment of fees. Without a statutory provision mandating a payment to an expert to obtain a screening certificate of merit, or a statutorily mandated minimum payment that could conceivably present a financial burden to an individual, a favorable judicial decision in this matter – as Plaintiff would have it, rendering the two statutes unconstitutional – would not redress any alleged injury suffered by Plaintiff.

For the foregoing reasons, it is the opinion of the undersigned that Plaintiff lacks standing to bring this suit against Defendants; therefore, the undersigned **RECOMMENDS** the Motion to Dismiss be **GRANTED** for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1)[4].

---

[4] While the undersigned does not reach the merits of Plaintiff's constitutional challenge due to lack of jurisdiction, the undersigned would note that the same challenges to W. Va. Code §§ 55-7B-6 – 7 (MPLA) regarding the

Accordingly, because the undersigned **RECOMMENDS** Defendants' Motion to Dismiss (ECF No. 21) be **GRANTED**, the undersigned is of the opinion that Plaintiff's Motion for Summary Judgment (ECF No. 27) is **MOOT** and was filed prematurely. Therefore, the undersigned is of the opinion that the Court should not reach the merits of Plaintiff's Motion for Summary Judgment and said motion should be **DENIED AS MOOT**. (ECF No. 27).

## IV.     CONCLUSION

For the reasons set forth herein, the undersigned **RECOMMENDS** that Defendant's Motion to Dismiss (ECF No. 21) be **GRANTED** for lack of subject-matter jurisdiction, and Plaintiff's claims against the State of West Virginia and Attorney General Patrick Morrisey be **DISMISSED**. The undersigned further **RECOMMENDS** Plaintiff's Motion for Status Update and Motion for Summary Judgment (ECF No. 27) be **DENIED AS MOOT**.

Any party shall have fourteen days from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Thomas S. Kleeh, United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

---

constitutionality of the requirement to obtain a screening certificate of merit and the burden this places on individuals of low income has been repeatedly upheld. *See* Slaughter v. United States, No. 5:08-1016, 2010 U.S. Dist. LEXIS 32289, at *18-23 (S.D.W. Va. February 3, 2010).

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to mail a copy of this Order to the *pro se* Plaintiff, Roderick Brown, by certified mail, return receipt requested, at the most recent address used for service of process, and to all counsel of record

Respectfully submitted this December 3, 2019.

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE