# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# CLARKSBURG

**RODERICK BROWN,**

    **Plaintiff,**

**v.**                                                                Civ. Action No. 1:19-cv-118
                                                                                  (Kleeh)

**STATE OF WEST VIRGINIA and**
**PATRICK MORRISEY,**
**Attorney General,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 33] AND GRANTING MOTION TO DISMISS [ECF NO. 21]

Pending before the Court is a Report and Recommendation ("R&R") by United States Magistrate Judge Michael J. Aloi (the "Magistrate Judge") [ECF No. 33]. For the reasons discussed herein, the Court adopts the R&R.

### I.    PROCEDURAL HISTORY

On May 31, 2019, the Plaintiff, Roderick Brown ("Plaintiff"), filed a Complaint against the State of West Virginia and Attorney General Patrick Morrisey (together, "Defendants"). Plaintiff argues that the West Virginia Medical Professional Liability Act (the "MPLA"), W. Va. Code §§ 55-7B-6 and 7, unconstitutionally bars Plaintiff from litigating a medical malpractice suit. The MPLA requires a plaintiff to retain an expert to obtain a certificate of merit before filing

**BROWN V. WEST VIRGINIA** 1:19-CV-118

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 33] AND GRANTING MOTION TO DISMISS [ECF NO. 21]**

suit, and because Plaintiff cannot afford this, he argues that the MPLA is unconstitutional.

Pursuant to 28 U.S.C. 636, the Court referred the action to the Magistrate Judge for initial review. Defendants filed a Motion to Dismiss for Lack of Jurisdiction on September 5, 2019. Plaintiff filed a Response, and Defendants filed a notice that they would not file a Reply. Plaintiff then filed a Motion for Status Update and Summary Judgment. Defendants filed a Response to the Motion for Summary Judgment. On December 3, 2019, the Magistrate Judge entered the R&R, recommending that the Court grant Defendants' Motion to Dismiss. Plaintiff then filed a Reply to the Response to his Summary Judgment motion. Plaintiff filed objections to the R&R on December 9, 2019. Defendants then responded to those objections, and Plaintiff filed a Supplement of Authority.

## II. STANDARD OF REVIEW

### A. Rule 12(b)(1)

Rule 12 of the Federal Rules of Civil Procedure provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The burden of proving subject matter jurisdiction on a motion to dismiss lies with the party asserting jurisdiction. CSX Transp., Inc. v. Gilkison, No.

**BROWN V. WEST VIRGINIA**                                          1:19-CV-118

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 33] AND GRANTING MOTION TO DISMISS [ECF NO. 21]**

5:05CV202, 2009 WL 426265, at *2 (N.D.W. Va. Feb. 19, 2009). No presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating the merits of the jurisdictional claims. Id. at *2.

   **B.   Rule 12(b)(6)**

Rule 12(b)(6) allows a defendant to move for dismissal upon the ground that a complaint does not "state a claim upon which relief can be granted." In ruling on a 12(b)(6) motion to dismiss, a court "must accept as true all of the factual allegations contained in the complaint." Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

A court should dismiss a complaint if it does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A motion to dismiss "does not resolve contests surrounding the facts, the merits of

**BROWN V. WEST VIRGINIA**                                                     1:19-CV-118

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION
[ECF NO. 33] AND GRANTING MOTION TO DISMISS [ECF NO. 21]**

a claim, or the applicability of defenses." <u>Republican Party of N.C. v. Martin</u>, 980 F.2d 942, 952 (4th Cir. 1992).

### C. Review of an R&R

When reviewing a magistrate judge's R&R, the Court must review <u>de novo</u> only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations" to which there are no objections. <u>Dellarcirprete v. Gutierrez</u>, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing <u>Camby v. Davis</u>, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous. <u>See</u> <u>Diamond v. Colonial Life & Accident Ins. Co.</u>, 416 F.3d 310, 315 (4th Cir. 2005).

### III. THE R&R

The R&R recommends that the Court grant Defendants' Motion to Dismiss. First, the R&R provides that Defendants are entitled to sovereign immunity because under the MPLA, Attorney General Morrisey is not granted a specific duty of enforcement. Next, the R&R finds that Plaintiff does not have standing to bring this action because none of the three elements (injury in fact, causation, and redressability) exists.

### IV. OBJECTIONS

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 33] AND GRANTING MOTION TO DISMISS [ECF NO. 21]**

Plaintiff objects to the R&R "in its entirety." ECF No. 37 at 1. He asks the Court to incorporate his Reply to the Motion for Summary Judgment as part of his objections to the R&R.[1] Id. He writes that the Magistrate Judge "simply does not discuss in any manner the crux of this case, which are Systematic Racism and U.S. Constitutional violations." Id. at 2. Plaintiff writes that the R&R "simply incorrectly evaluated the Court's jurisdictional authority." Id. at 3. He objects to the Magistrate Judge's finding of sovereign immunity for both the State of West Virginia and Attorney General Morrisey. Id. at 4.

Plaintiff objects to the finding that he lacks standing, specifically arguing that an injury in fact exists and that he meets the causation and redressability requirements. Id. at 6. Finally, Plaintiff argues that it is contradictory to order a party to respond to a motion and then claim that the Court does not have subject matter jurisdiction. Overall, Plaintiff argues that "[t]he R&R does not address the federal question present within the complaint . . . ." Id. at 7.

---

[1] The Court will not incorporate Plaintiff's Reply into his Objections because the Court is only required to consider specific objections filed in response to the R&R. See Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D.W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (requiring that objections allege "specific error by the magistrate judge" to receive de novo review).

**BROWN V. WEST VIRGINIA** 1:19-CV-118

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 33] AND GRANTING MOTION TO DISMISS [ECF NO. 21]**

V. **DISCUSSION**

The Eleventh Amendment to the United States Constitution provides: "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." This immunity can be circumvented in certain circumstances, such as abrogation by Congress through legislation that is clearly stated and construed narrowly. See Fitzpatrick v. Bitzer, 427 U.S. 445 (1976). As the Supreme Court of the United States wrote in Seminole Tribe of Florida v. Florida,

> To temper Congress' acknowledged powers of abrogation with due concern for the Eleventh Amendment's role as an essential component of our constitutional structure, we have applied a simple but stringent test: 'Congress may abrogate the States' constitutionally secured immunity from suit in federal court only by making its intention **unmistakably clear in the language of the statute**.

517 U.S. 44, 56 (1996) (citing Dellmuth v. Muth, 491 U.S. 223, 227-28 (1989) (emphasis added)). Title 42, Section 1983, of the United States Code does not abrogate West Virginia's sovereign immunity.[2] See Will v. Michigan Dep't of State Police, 491 U.S.

---

[2] The Court agrees with Defendants and the Magistrate Judge that Section 1983 is the only statute that could potentially give it

**BROWN V. WEST VIRGINIA**　　　　　　　　　　　　**1:19-CV-118**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 33] AND GRANTING MOTION TO DISMISS [ECF NO. 21]**

58 (1989). Therefore, the Court has no jurisdiction over Plaintiff's claim against the State of West Virginia.

For Plaintiff to bring this action against an individual state official in West Virginia, there must be "a 'special relation' between the state officer sued and the challenged statute to avoid the Eleventh Amendment's bar." Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 331 (4th Cir. 2001) (citing Ex parte Young, 209 U.S. 123, 157 (1908)). A special relation requires "proximity to and responsibility for the challenged state action." S.C. Wildlife Fed'n v. Limehouse, 549 F.3d 324, 333 (4th Cir. 2008) (emphasis removed). It does not exist when an official merely possesses "[g]eneral authority to enforce the laws of the state . . . ." Id. (citing Gilmore, 252 F.3d at 331.

In McBurney v. Cuccinelli, the Fourth Circuit held, in relevant part, that the Virginia Attorney General did not have a "specific statutory duty to enforce" the Virginia Freedom of Information Act against state officials. 616 F.3d 393, 400 (4th Cir. 2010). The court made this finding even though the Virginia statute provided an enforcement provision that granted "the

---

jurisdiction over this claim. Although Plaintiff did not specifically plead his case under Section 1983, he admits in his Response to the Motion to Dismiss that this is a Section 1983 action. See ECF No. 24 at 2.

7

**BROWN V. WEST VIRGINIA**  1:19-CV-118

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 33] AND GRANTING MOTION TO DISMISS [ECF NO. 21]**

attorney for the Commonwealth" authority to petition for an injunction when the law is violated. Id. It found that the "attorney for the Commonwealth" referred to local prosecutors, not the Attorney General. Id.

Here, as in McBurney, West Virginia's MPLA does not impose upon the Attorney General a "specific statutory duty to enforce" the statute. It is undisputed that the MPLA does not mention the Attorney General. Attorney General Morrisey possesses only a "[g]eneral authority to enforce the laws of the state," and does not possess the requisite "proximity to and responsibility for" the MPLA. See Limehouse, 549 F.3d at 331, 333. He does not bear a special relation to the MPLA. The Court has no jurisdiction over Plaintiff's claims against Attorney General Morrisey.

## VI. CONCLUSION

Because Plaintiff's claims are barred by the Eleventh Amendment, the Court need not address the issue of standing. The Court lacks subject matter jurisdiction over Plaintiff's claims. For these reasons, the Court **ORDERS** the following:

- The Motion to Dismiss [ECF No. 21] is **GRANTED** for lack of subject matter jurisdiction;

- Plaintiff's Motion for Status Update and Summary Judgment Motion [ECF No. 27] are **DENIED AS MOOT**;

**BROWN V. WEST VIRGINIA**  1:19-CV-118

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 33] AND GRANTING MOTION TO DISMISS [ECF NO. 21]**

- The R&R [ECF No. 33] is **ADOPTED** to the extent consistent with this Memorandum Opinion and Order;

- Plaintiff's Objections [ECF No. 37] are **OVERRULED**; and

- This action is **DISMISSED WITH PREJUDICE** and **STRICKEN** from the Court's active docket.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel of record and the pro se Plaintiff, via certified mail, return receipt requested.

DATED: April 2, 2020

/s/ Thomas S. Kleeh
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE